# O. H. WORLEY v. STATE.

No. A-7349.  Opinion Filed Sept. 13, 1930.
Rehearing Denied Nov. 19, 1930.
(292 Pac. 1048.)

E. B. Arnold, Roy Nance, and W. L. Chase, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The evidence of the state is that on the 26th day of April, 1928, a special election was held in the town of Stilwell, Okla., for the purpose of determining whether or not the electric light plant should be sold and the water system leased.   Defendant was a member of one of the ward election boards and at about the time of closing the polls was engaged with another member of the board in counting the ballots; that while such counting of ballots was in progress the defendant took from his bosom about 25 unvoted ballots and dropped them into the pile of ballots that had been regularly voted; and that thereafter he immediately went downstairs to the toilet and attempted to destroy the remainder of the unvoted ballots by flushing them through the toilet. That Mr. Etheridge, a member of the election board, dis-

covered the intermingling of the ballots and followed defendant into the toilet and took therefrom some of the unvoted ballots. These were preserved and compared with the other ballots that had been dropped into and intermingled with the regularly voted ballots. The ballots that had been intermingled were all practically alike, in that they were torn off smoothly and were all doubled together, while the legal ballots were torn in a jagged way and each folded separately. The regularly voted ballots had been stamped with an old stencil which made a splotch instead of a clear cross, while the false ballots had been stamped with a new stencil which made a clear cross.

The election officers refused to finish the count and to return and certify the vote, but placed all of the regular ballots and intermingled ballots with the other election paraphernalia in the election box, locked it, and returned it to the secretary of the county election board, and that the secretary kept such box safely until the officials could open the box and inspect the ballots contained therein.

Defendant was prosecuted under section 6295, C. O. S. 1921, which reads as follows:

"Destroying ballots. Whoever on any day between the commencement of any general or primary election and the close of and canvass thereof, by the officers, fraudulently destroys any of the ballots given and received at said election, or takes away or abstracts from any ballot box any of the ballots so given or received, or puts into such box any ballots except such as are properly voted by electors, or in any manner willfully intermingles with the ballots which shall have been voted by the electors, any other ballots or tickets which shall not have been duly received by the election officers during the election, shall be punished by imprisonment in the state prison not less than one year nor more than three years."

The charging part of the information reads as follows:

"That the said O. H. Worley on the day and year aforesaid, and in the county of Adair, state of Oklahoma, did then and there unlawfully, willfully, wrongfully, intentionally, fraudulently, corruptly and feloniously destroy election ballots regularly voted at a special election called and held in the town of Stilwell, and then and there intermingle ballots not voted and received in said election with regularly voted ballots therein, contrary to the form of the statute," etc.

Defendant demurred to this information and as grounds therefore alleged:

"1. That said information does not state sufficient facts to charge this defendant with the violation of the laws of the state of Oklahoma.

"2. That if said information charges any offense against this defendant, that there are two separate and distinct offenses charged against this defendant."

Upon the hearing had upon this demurrer, the state elected to stand upon the charge of "intermingling ballots which had been voted by the electors with other ballots which had not been duly received by the election officers," and thereupon the court overruled the defendant's demurrer and proceeded with the trial of the case.

The information is not a model one. Since the state elected to put the defendant on trial on the charge of intermingling ballots, the charge of destroying ballots could be, and no doubt was, treated by the court as surplusage, and the defendant was not injured thereby. The court in his instructions explicitly advised the jury that the only question to be considered by them was whether or not the defendant was guilty of intermingling ballots, as alleged in the information.

The defendant next contends that he did not have time to prepare for trial. The information was filed on September 29th, and on October 15th defendant filed his demurrer to the same. On the 18th day of October the demurrer was overruled and the case called for trial, at which time defendant objected to going to trial for the reason that he had not had the time required by law in which to plead.

Section 2606, C O. S. 1921, is as follows:

"The only pleading on the part of the defendant is either a demurrer or a plea."

Section 2610, C. O. S. 1921, is as follows:

"Upon the demurrer being filed, the objection presented thereby must be heard, either immediately or at such time as the court may appoint."

Section 2615, C. O. S. 1921, is as follows:

"If the demurrer be overruled, the court must permit the defendant, at his election, to plead, which he must do forthwith, or at such time as the court may allow. If he does not plead, judgment may be pronounced against him."

Section 2595, C. O. S. 1921, is as follows:

"If, on the arraignment, the defendant require it, he must be allowed until the next day, or such further time may be allowed him as the court may deem reasonable, to answer the indictment or information."

The record is silent as to the date when the defendant was arraigned, except the statement of the trial judge that he had been arraigned. The demurrer was filed on the 15th day of October. The case, being on the assignment docket, was called for trial on October 18, 1928, at which time the defendant raised the question that he had not had the statutory time in which to plead.

Under section 2595, supra, defendant was entitled to one day in which to plead. Under section 2606, when defendant is arraigned he may either demur or plead to the information. Nineteen days elapsed between the filing of the information and the trial of the case. At some time during this nineteen days and prior to October 15th, the defendant was arraigned. It not affirmatively appearing from the record that sufficient time had not intervened between the arraignment and trial, we are unable to say that he was not given the necessary time to prepare for his trial.

On October 15th, defendant elected to demur to the information. The fact that the court did not pass upon the demurrer until the time set for the trial to begin did not deprive the defendant of his statutory time to plead.

Defendant next contends that the court erred in admitting the testimony of the witness H. T. Williams, secretary of the county election board, for the reason that it does not appear that the ballot box was properly cared for after it had been delivered to the county election board. There is no merit in this contention.

The errors of law complained of being without merit, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.